Casey, C. J.,
delivered the opinion of the court':
This case had been pending for seven or eight years prior to 1864, *98 and in February of that year, no person appearing to prosecute, upon motion of the Solicitor of the United States, the petition was dismissed. The claimant now moves to vacate this order and restore the case to the docket, on the ground that lie was a citizen of the State of Alabama and was prevented from appearing in court by the existence of hostilities between that State and the United States.
To make this ground available, the claimant ought to show that he did not contribute to the inception or continuance of the hostilities which he alleges as an excuse; and that his continued residence within the insurrectionary territory was of necessity and not of choice.
If that were good ground of objection, he then ought to show that so soon as the constraint was removed he made the application. On the contrary, he waits nearly three years before he makes the motion to open. We have no hesitation in saying there has been a lack of diligence in the matter, and that the application comes too late.
The rule we have hitherto acted upon in the practice of this court, we are satisfied, upon careful review, is in accordance with the best systems both in this country and in England. The motion to amend a judgment or decree so as to make it conform to what was the purpose and intention of the court and the justice of the case, is a power that is exercised by all courts, at all times, while the record remains before them and the proceedings are in fieri. But the opening, setting aside, or vacating a judgment upon a motion after an intervening term, is a rare exception to the general practice. No court can regulate its business and do justice to its suitors, without being able to disencumber its records and compel parties to go to trial in a reasonable time. And if it can be called upon years after to review every case that it has so disposed of, litigation in such a court would be the most interminable and uncertain of all human affairs, and would, in regard to this court, operate as a practical repeal of that provision of the act of March 3, 1863, which gives a conclusive and binding effect to the decisions of this tribunal.
The motion to open the judgment is discharged.
Loring, J., dissented.